**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **RED ANVIL LLC,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**VELOCITY MICRO INC.**<br><br>          **Defendant.** | **Civil Action No. 2:15-cv-988**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Red Anvil LLC ("Plaintiff" or "Red Anvil"), by and through its undersigned counsel, files this Complaint against Defendant Velocity Micro, Inc. ("Velocity") as follows:

### NATURE OF THE ACTION

1.     This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,680,223 entitled "Method and System for Labeling a Document for Storage, Manipulation, and Retrieval" (the "'223 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner by assignment of the '223.  Plaintiff seeks monetary damages.

### PARTIES

2.     Plaintiff Red Anvil LLC is a limited liability company organized under the laws of the State of Texas.  Plaintiff maintains its principal place of business at 2591 DALLAS PKWY, STE 300, FRISCO, TX 75034-8563

3.     Upon information and belief, Velocity Micro, Inc. ("Velocity") is a corporation organized and existing under the laws of the State of Virginia, with its principal place of business at 9030 Stony Point Pkwy. Suite 400, Richmond, VA 23235. Velocity can be served with process through its registered agent, Freed & Shepherd, P.C., 9030 Stony Point Pkwy Suite 400, Richmond, VA 23235.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § *et seq.*, including 35 U.S.C. § 271, 281, and 284-85, among others. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant is present within or have minimum contacts with the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Accused Instrumentalities as detailed below. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who use the Defendant's products and services in the State of Texas and in the Eastern District of Texas. Defendant derives substantial revenue from goods and services provided to individuals in Texas and in this district.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§1391 and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly and/or indirectly committed and/or induced acts of patent infringement in this district.

## COUNT I– INFRINGEMENT OF U.S. PATENT 5,680,223

8. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-7 above.

9. The '223 patent was duly and legally issued by the United States Patent and Trademark Office on October 21, 1997, after full and fair examination.  The '223 patent is in full force and effect.  Plaintiff is the owner by assignment of the '223 patent and possesses all rights of recovery under the '223 patent, including the exclusive right to sue for infringement and recover past damages.

10. Defendant owns, operates, advertises, controls, tests, sells, and otherwise provides systems and methods that infringe the '223 patent.  The '223 patent provides, among other things, a "method comprising: (1) storing a data file in a data processing system; (2) obtaining and storing label data defining a label image; (3) the label image identifying the stored data file to a user; (4) obtaining associating data that associate the data file stored in the data processing system and the label data so that the stored data file can be accessed in the data processing system in response to a signal selecting the label image; (5) using the label data to present the label image to a user so that the user can provide a signal selecting the label image; (6) receiving the signal selecting the label image from the user; and (6) in response to the signal selecting the label image, accessing the stored data file."

11. Defendant directly or through intermediaries, made, tested, had made, had tested, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems and methods for labeling a document for storage, manipulation and retrieval, that infringed one or more claims of the '223 patent in this district and elsewhere in the United States, Particularly, Defendant makes, uses, tests, provides, offers for sale, and sells their product entitled Velocity Micro Cruz T301 and related products containing similarly situated image

thumbnail technology ("Accused Instrumentality") which directly infringe the '223 patent.

12. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

13. In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '223 Patent complied with all marking requirements under 35 U.S.C. § 287.

14. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment in favor of Plaintiff that Defendant has infringed one or more of the claims, directly, and/or jointly of the '223 patent;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C. That this Court declare this to be an exceptional case and award Plaintiff its

      reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

D. Any further relief that this Court deems just and proper.

| | |
|---|---|
| Dated: June 5, 2015 | Respectfully submitted, |
| | By: */s/ Brandon LaPray* |
| | **AUSTIN HANSLEY P.L.L.C.** |
| | Austin Hansley |
| | Texas Bar No.: 24073081 |
| | Brandon LaPray |
| | Texas Bar No.: 24087888 |
| | Benton Patterson |
| | Texas Bar No.: 24095088 |
| | 5050 Quorum Dr. Suite 700 |
| | Dallas, Texas 75254 |
| | Telephone:   (469) 587-9776 |
| | Facsimile:   (855) 347-6329 |
| | Email: Austin@TheTexasLawOffice.com |
| | Email: Brandon@thetexaslawoffice.com |
| | Email: Benton@thetexaslawoffice.com |
| | www.TheTexasLawOffice.com |
| | **ATTORNEY FOR PLAINTIFF** |
| | **RED ANVIL LLC** |